Dear Mr. Ware:
On behalf of the Louisiana District Attorneys Retirement System's Board of Trustees (the "LDAR"), you have requested the opinion of this office regarding La. R.S. 11:263, which pertains to the types of investments that public retirement systems can make. La. R.S. 11:263 provides that no retirement system shall invest more that fifty-five (55%) percent of its total investment portfolio in equities, however, the statute does not specify whether the percentage should be calculated based on the original cost of the equities or market value.
It is our understanding that the LDAR has adopted a policy of making its calculations based on original cost rather than market value, but that the LDAR's independent auditor raised a question as to whether this method is correct. According to your independent auditor's report dated October 6, 1995, the LDAR's investment portfolio, on June 30, 1996, consisted of fifty (50%) percent equities when calculated based on original cost and fifty-six (56%) percent when calculated based on market value. Clearly, if market value is the correct approach then the LDAR would be in violation of R.S. 11:263. Furthermore, if the LDAR must use the market value approach to valuation, then the LDAR will have to monitor and periodically adjust its portfolio to insure compliance.
You have advised the undersigned that you have contacted other state and statewide public retirement systems, and that there is no consistency among the systems as to how they calculate the percentage of equities contained in their portfolios. You have also provided us with copies of correspondence that indicate that the Legislative Audit Advisory Council and the Legislative Auditor's Office are satisfied with the LDAR's response to your independent auditor's comment as contained in the report.
Regrettably, our research does not indicate that this statute has ever been judicially interpreted, and it is beyond the purview of this office to prescribe that a particular method of valuation be utilized. The determination as to which, if any, particular method should be used in calculating the percentage of equities held within the portfolios of the various public retirement systems should properly be left for determination by the legislature. The undersigned has, however, had the opportunity to discuss this matter with Mr. Grover Austin, of the Legislative Auditor's Office, who indicated that both the original cost and market value methods are acceptable valuation methods from an accounting standpoint in applying this law, as long as it is clear that the choice of one method over the other is made in a good faith attempt to comply with the intent of the statute. Mr. Austin also indicated that if market conditions are such as to cause a significant difference between the two methods, then the method which produces the lowest valuation should be used.
Based upon the foregoing, it is our advice that the LDAR, in the exercise of a good faith attempt to comply with La. R.S. 11:263, use whichever valuation method the LDAR's Board of Trustees determines is in the best interest of its members. The LDAR should also reconsider its choice of valuation method from time to time, in order to insure that peculiar or particular market conditions do not cause the percentage of equities held by the system to widely or consistently fluctuate above fifty-five (55%) percent of its total investment portfolio goal. The LDAR may also wish to consider seeking legislative clarification of La. R.S.11:263 in the next legislative session.
We trust the foregoing to be of assistance. Please do not hesitate to contact us if we can be of further assistance to you or the Board of Trustees of the Louisiana District Attorneys Retirement System.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv cc: Mr. Grover Austin